UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY JAYNE HERBERT,<br>　　　　　Plaintiff,<br>-against-<br><br>PEGASUS RESEARCH GROUP LLC D/B/A TELEVERDE,<br><br>　　　　　Defendant. | **STIPULATED CONFIDENTIALITY AGREEMENT, PROTECTIVE ORDER AND STIPULATED FRE 502(d) AND (e) CLAWBACK ORDER**<br><br>20-CV-6043 (NSR)(AEK) |

　　　　WHEREAS, MARY JAYNE HERBERT ("Plaintiff"), and PEGASUS RESEARCH GROUP LLC D/B/A TELEVERDE (the "Defendant") (Plaintiff and Defendant, individually a "Party" and collectively the "Parties") hereby agree and stipulate to this Confidentiality Agreement and Protective Order for the Production and Exchange of Confidential Information pursuant to Federal Rule of Civil Procedure 26(c), and Federal Rule of Evidence 502(d) and (e) Clawback Stipulation and Order, as follows:

　　　　WHEREAS, the Parties, through counsel, agree that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, personally identifiable information, medical records, Protected Health Information ("PHI") pursuant to the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA") and information, documents and other materials;

　　　　WHEREAS, Defendant agrees to produce such documents only on the agreement that such "Confidential Information" will be disclosed only as provided herein;

　　　　WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval;

1

THEREFORE, the Parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

IT IS HEREBY STIPULATED AND AGREED AND HEREBY ORDERED THAT:

1. This Protective Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

2. Any person subject to this Order—including without limitation the Parties (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt.

3. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action, including responses to interrogatories under Fed. R. Civ. P. 33) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

4. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

    (a) information that is proprietary, a trade secret or otherwise sensitive non-public information;

(b) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins), other than information in the public domain;

(c) previously non-disclosed business plans, product-development information, or marketing plans, other than information in the public domain;

(d) medical, disciplinary or compensation records regarding any individual, as well as their telephone numbers, social security numbers, dates of birth, beneficiary information, personal financial information and addresses; or

(e) any other category of information this Court subsequently affords confidential status.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the unredacted protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the parties may ask the reporter to bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or, alternatively, (b) notifying all counsel of record, in writing, within 30 days after a deposition transcript has been

produced, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel will be responsible for redacting the confidential portions of the designated transcript before counsel causes such documents to be publicly filed. . During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7. If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential."

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) waiver of a Party's right to review Documents, including for responsiveness and privilege; or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (d) any mediator or arbitrator that the Parties engage in this matter or that this Court

appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d), 9(f), or 9(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto stating that he or she has read this Order and agrees to be bound by its terms.

11. Paragraphs 9 and 10 are not intended to limit the rights of any Party to question a witness during a deposition or at trial concerning any matter or information pertaining to this case (whether designated "confidential" or otherwise).

12. Any Party may move to file documents under seal but must

simultaneously file with the Court a letter brief and supporting declaration justifying—on a particularized basis—the continued sealing of such documents.

13. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as "Confidential" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

14. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System and shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission, unless the Court grants a motion to file the Confidential Court Submission under seal. If the Court grants a motion to file the Confidential Court Submission under seal, the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System, shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

15. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

16. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the

request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court.

17. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

18. Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

    (a)    The inadvertent disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

    (b)    The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

    (c)    If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document") and reasonably believes the document was inadvertently disclosed:

        (i)    the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately

        notify the Producing Party in writing or on the record at a deposition promptly followed by written notice that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(ii)    If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other

protection.

(d) If, during the course of this litigation, a party determines it has inadvertently produced a Protected Document:

(i) the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii) The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has

|     | |
| --- | --- |
|     | already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it. |
| (f) | The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that: |

    (i)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (ii)    the disclosure of the Protected Documents was not inadvertent;

    (iii)    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    (iv)    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h)    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the

      Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.

(i)  Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

(j)  By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rule of Evidence 502(d) and (e).

18.  Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

19.  Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return such material in its custody, possession or control—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material in its possession, custody or control—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this

provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, exhibits, and records even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

20. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. This Order may be modified or amended by agreement of the Parties for good cause shown or by further Order of the Court.

23. Once executed by all Parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| **THE LAW OFFICE OF LAURA WONG-PAN PLLC** | **LITTLER MENDELSON, P.C.** |
| By: *Laura Wong-Pan*  7-21-2021<br>Laura Wong-Pan, Esq.<br>319 Mill Street<br>Poughkeepsie, NY 12601<br>845.218.1288 | By: *Kimberly N. Dobson*  7/22/2021<br>William H. Ng, Esq.<br>Kimberly N. Dobson<br>290 Broadhollow Road, Suite 305<br>Melville, NY 11747<br>631.247.4700 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

Dated: White Plains, New York

                                    SO ORDERED.

                                    *[signature: Andrew Krause]*

                                  Magistrate Judge Andrew E. Krause

> To the extent the procedures for filing documents under seal described in paragraphs 12 and 14 differ from the Individual Practices of either Judge Krause or Judge Roman, the parties are hereby directed to follow the individual practices of the judge to whom the filing is addressed rather than the procedures set forth herein.
>
> Dated: July 22, 2021

13

# EXHIBIT A

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
| MARY JAYNE HERBERT,<br>              Plaintiff,<br>   -against-<br><br>PEGASUS RESEARCH GROUP LLC D/B/A TELEVERDE,<br><br>              Defendant. | **STIPULATED CONFIDENTIALITY AGREEMENT, PROTECTIVE ORDER AND STIPULATED FRE 502(d) AND (e) CLAWBACK ORDER**<br><br>20-CV-6043 (NSR)(AEK) |

I, _____, acknowledge that I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. I further agree to return all such documentation to the Party or attorney from whom I received it, or destroy it, when I am informed that the litigation has concluded.

_____

Dated: